HARRIET M. GOOGINS *vs.* HOWARD GILPATRICK.

York.    Opinion January 27, 1932.

*Wesley M. Mewer,*
*Harry C. Wilbur,* for complainant.
*Willard & Willard,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

BARNES, J.    Petitioner brings a bill in equity, under Chap. 8,
Sec. 89, R. S., in which she claims that the treasurer of the town
of Old Orchard Beach who was duly elected, on March 2, 1931, re-
signed that office on March 28; the selectmen, on the day of the
treasurer's resignation appointed defendant to serve as treasurer
of the town until his successor should be elected and qualified; that
the defendant duly qualified on that day; that he has since been
holding the office, to date of petition; and that she, having the qual-
ifications required by law, was duly elected as treasurer of said
town, on the 24th day of April last, at a special town meeting,
called by a justice of the peace of said town, after a request had
been made to the selectmen to call a meeting for the election of a
treasurer, and the request refused.

As we understand the record it is admitted that from the time of
acceptance of his bond, up to and until the election and qualifica-
tion of petitioner, defendant was the lawfully appointed and duly
qualified treasurer of the town.

Petitioner's claim is that when by reason of a vacancy in the office of town treasurer the selectmen have appointed a treasurer, that treasurer's term of service ends when another person is chosen by such of the voters of the town as attend and by majority vote choose a town treasurer, at a special election, called and held after the selectmen have refused to call a special town meeting.

One point only need be determined. It is the answer to the question how shall a town treasurer be selected, when, after the regular annual town meeting a vacancy in that office occurs.

On this point the legislature has spoken, and a town may secure a treasurer, when a vacancy in that office exists, only in the way prescribed by statute.

"Towns are mere agencies of the State. They are purely creatures of the Legislature and their powers and duties are within its control." *Sawyer* v. *Gilmore*, 109 Me., 169-186.

"The Legislature represents the sovereign power of the people and is, therefore, limited in the exercise of supreme authority, only by an inhibition of the Constitution.

"The Legislature has a large discretion with reference to its control of municipalities. Municipal corporations are but instruments of government created for political purposes and subject to legislative control." *Bayville Village* v. *Boothbay Harbor*, 110 Me., 46-50.

With due solicitude for the preservation and transmission to the State of the taxes committed to a town for collection, the legislature provided for the annual election of a treasurer in each town and for the filling of a vacancy in the office of treasurer, should such occur.

The question at issue in this case, limited to filling of vacancy in the office of treasurer, arises from the fact that four sections of Chap. 5, R. S., are to be considered in arriving at a conclusion.

Section 15, relating to filling a vacancy in the office of auditor, reads: "When by reason of the non-acceptance, death, removal, insanity, or other incompetency of a person elected to the office of town auditor, there is a vacancy in said office, the selectmen may appoint a person to fill said office, who shall perform all the duties of said office until an auditor is elected by the town at its next annual meeting. The person so appointed shall be duly sworn."

Section 17, relating to filling a vacancy in the office of road commissioner: "If a person elected or appointed as road commissioner fails to qualify within seven days after appointment, the office shall be deemed vacant, and shall be filled by the selectmen by appointment; and in the event of a vacancy caused by death or otherwise, the selectmen shall appoint some competent person to fill out the unexpired term, . . . ."

Section 25, as to treasurer: "In case of death, resignation, removal or other permanent disability of a treasurer of a town or plantation, the municipal officers may appoint a citizen thereof to be treasurer until his successor is elected and qualified."

Section 30, general provisions for filling vacancies in town offices, is as follows: "When by reason of non-acceptance, death, removal, insanity, or other incompetency of a person chosen to a town office, except as provided in sections fifteen, seventeen, and twenty-five there is a vacancy, or want of officers, the town may choose new officers; and they shall be sworn, if an oath is required, and have the same powers as if elected at the annual meeting. The meeting for choice of such new officers may be called by the person or persons legally elected and qualified as selectman or selectmen although less than a full board."

The legislature thus provides that when a vacancy occurs in three town offices, it may be filled by appointment of the selectmen.

So far all are in accord.

In the case of an appointed treasurer the law reads that he shall "be treasurer until his successor is elected and qualified."

And because, in the cases of the other two town officers who by appointment of the selectmen are filling vacancies, the auditor "shall perform all the duties of said office until an auditor is elected by the town at its next annual meeting," and, the road commissioner shall "fill out the unexpired term," while the length of term of an appointed treasurer is as quoted above, petitioner argues that it is her right to succeed defendant, because she insists that her election terminated his period of lawful service.

From the establishment of the State, until the taking effect of Chapter 18 of the Public Laws of 1875, a treasurer must be elected at each annual town meeting and when a vacancy occurred in that office the selectmen might call a town meeting for the election of a

treasurer to serve "until his successor shall be elected and qualified."

The legislature of 1875 introduced a different method of filling such vacancy, that of appointment by the selectmen.

The legislature of 1929, in amending what was Section 30 of Chapter 4, now Chapter 5, had a purpose to achieve.

In the cases of auditor and road commissioner, as the law stood prior to the Act of 1929, it was impossible for a town to elect except at an annual town meeting, and in the case of a treasurer there may have existed an uncertainty as to the power of a town to elect before the next annual town meeting.

It seems to have been the clear intent of the legislature, in Chapter 154, 1929, to eliminate any uncertainty and provide that no vacancy in the important office of treasurer need wait upon the calling of a meeting of the inhabitants, need not stand for even a day.

It seems to have been intended that a treasurer appointed should serve until the next annual town meeting; else the amendment of 1929 is without purpose and is meaningless.

This interpretation is strengthened by the wording of Section 21 of the same Chapter, providing for election or appointment of a treasurer when vacancy is caused by failure to furnish bond, after demand therefor, election or appointment "to fill the vacancy."

We hold that there was no "vacancy" when the petition to call a special town meeting was presented to the selectmen of the town of Old Orchard Beach; that they did not "unreasonably refuse," as expressed in Section 4 of the same Chapter. Reason would not justify the expenditure required to summon the inhabitants to vote when their action would effect nothing. Petitioner was not, therefore, elected, and has no standing in court.

*Appeal dismissed.*